UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

EDWARD M. BAGLEY, *et al*,

                              Plaintiffs,

        v.                                                      Civil Action No. 3:12–CV–617

WELLS FARGO BANK, N.A., *et al*,

                              Defendants.

**MEMORANDUM OPINION**

THIS MATTER is before the Court on a Motion to Dismiss Plaintiffs' Amended Complaint filed by Defendants Wells Fargo Bank, N.A. ("Wells Fargo") and Equity Trustees, L.L.C. ("Equity Trustees")(collectively the "Defendants") pursuant to Federal Rule of Civil Procedure 12(b)(6)(ECF No. 10). Plaintiffs seek compensatory damages against Defendants and an order quieting title following the foreclosure of their home, as well as a declaratory judgment stating that Plaintiffs are not liable for the foreclosure-related costs. The Court dispenses with oral argument because the facts and legal contentions are adequately presented in the materials presently before the Court, and argument would not aid in the decisional process.  E.D. Va. Loc. Civ. R. 7(J). For the reasons discussed below, the Court GRANTS IN PART and DENIES IN PART Defendants' Motion.

## I.        BACKGROUND

On October 15, 2008, Plaintiffs Edward and Laura Bagley entered into a home mortgage loan for a residence in Richmond, Virginia. Guaranteed Home Mortgage Company, Inc. ("Guaranteed Home") was the lender and the loan was evidenced by a Note

and secured by a Deed of Trust. Guaranteed Home assigned the Note to Defendant Wells Fargo, and Wells Fargo became the Note holder. The Deed of Trust appointed Samuel I. White, P.C. ("White") as trustee.

Plaintiffs assert that the loan was governed by Fair Housing Act ("FHA") regulations promulgated by the Department of Housing and Urban Development ("HUD"), and that the Note and Deed of Trust permitted Defendants to accelerate the Note or proceed with foreclosure only if allowed by FHA regulations. Specifically, Plaintiffs allege that Defendants were subject to regulation 24 C.F.R. § 203.604, which requires the mortgagee to have a face-to-face interview with the mortgagor, or to make a reasonable effort to arrange such a meeting, before three full monthly payments on the loan are unpaid. Plaintiffs further allege that Defendants were subject to 24 C.F.R. § 203.501, which states that mortgagees "must consider the comparative effects of their elective servicing actions, and must take those appropriate actions which can reasonably be expected to generate the smallest financial loss to the Department [of Housing and Urban Development]." § 203.501. § 203.501 then lists examples of loss mitigation actions which the mortgagee might take. Lastly, Plaintiffs assert that Defendants were subject to 24 C.F.R. § 203.605,[1] which requires that "[b]efore four full monthly installments due on the mortgage have become unpaid, the mortgagee shall evaluate on a monthly basis all of the loss mitigation techniques provided at § 203.501 to determine which is appropriate. Based upon such evaluations, the mortgagee shall take the appropriate loss mitigation action." § 203.605.

Plaintiffs fell more than three months behind on their mortgage payments. Plaintiffs claim that Edward Bagley tried to communicate with Wells Fargo in order to resolve the

---

[1] The Amended Complaint mistakenly cites this regulation as § 203.501.

debt, but "was rebuffed by Wells Fargo." (Am. Compl. ¶ 16.) Plaintiffs also assert that Wells Fargo "refused to accept any payment for less than an amount sufficient to bring the loan current." (Am. Compl. ¶ 15.) Plaintiffs claim that no creditor, including Wells Fargo, ever held or attempted to arrange a face-to-face meeting with Plaintiffs or "ever considered a deed in lieu of foreclosure as an alternative to foreclosure on the home or fairly considered any forbearance or recasting of the mortgage." (Am. Compl. ¶ 14.)

On March 16, 2011, Plaintiffs allege that Wells Fargo removed White as trustee on the Deed of Trust and appointed Defendant Equity Trustees as substitute trustee. Plaintiffs assert that, on Wells Fargo's instructions, Equity Trustees advertised the home for foreclosure and conducted a foreclosure sale on June 24, 2012, where Wells Fargo made the high bid. Plaintiffs contend that, at the time of the foreclosure sale, Plaintiffs "had approximately $15,000.00 that they were prepared to apply to arrearage on the loan." (Am. Compl. ¶ 23.) On August 11, 2011, Wells Fargo filed an unlawful detainer against Plaintiffs in the General District Court of Henrico County, Virginia and was awarded possession of the home on December 2, 2011. Plaintiffs appealed, and as of the filing of Plaintiffs' suit, the unlawful detainer matter was pending in the Circuit Court of Henrico County, Virginia.

In Count One, Plaintiffs allege that Defendants breached the terms of the Note and Deed of Trust by failing to comply with FHA regulations. Specifically, Plaintiffs claim that Defendants failed to arrange or attempt to arrange a face-to-face meeting under § 203.604 or to consider loss mitigation actions under § 203.501. Plaintiffs contend that this purported failure to comply with FHA regulations renders Wells Fargo's filing of an unlawful detainer action a further breach of the Note and Deed of Trust. For these reasons, Plaintiffs maintain that the foreclosure sale and trustee's deed are void, or alternatively,

voidable. In Count Two, Plaintiffs allege that, as a result of the conduct alleged in Count One, Defendants breached an implied covenant of good faith and fair dealing in the Note and Deed of Trust. In Count Three, Plaintiffs seek a declaratory judgment that they are not responsible for Wells Fargo's foreclosure-related expenses. Plaintiffs claim that they suffered: the loss of title to and quiet enjoyment of their home; legal expenses; damage to their credit history; and substantial inconvenience. Accordingly, Plaintiffs assert that they have superior title and ask for an order quieting title and compensatory damages in the amount of $60,000.00.

Defendants filed a Motion to Dismiss on August 30, 2012, and Plaintiffs amended their Complaint on September 20, 2012.[2]   Defendants filed a Motion to Dismiss the Amended Complaint on October 4, 2012. Defendants argue that the Amended Complaint should be dismissed pursuant to Rule 12(b)(6) on the following grounds: (1) Plaintiffs have failed to state a breach of contract claim for a violation of FHA regulations; (2) Virginia does not recognize an independent cause of action for breach of implied duty of good faith and fair dealing, and even so, the Uniform Commercial Code ("U.C.C.") which does allow for this implied covenant does not apply to home mortgage loans; (3) Plaintiffs are not entitled to a declaratory judgment because the claim is based on speculative action by Wells Fargo; and (4) Plaintiffs have not sufficiently alleged that they have superior title to the home, and are not entitled to a rescission of the foreclosure sale. This motion has been fully briefed and this matter is now ripe for review.

---

[2] In light of the Motion to dismiss the Amended Complaint, the Court thus DENIES AS MOOT Defendants' Motion to Dismiss Plaintiff's original Complaint (ECF No. 4.)

## II.     LEGAL STANDARD

A motion to dismiss for failure to state a claim upon which relief can be granted challenges the legal sufficiency of a claim, rather than the facts supporting it. Fed. R. Civ. P. 12(b)(6); *Goodman v. Praxair, Inc.*, 494 F.3d 458, 464 (4th Cir. 2007); *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992). A court ruling on a Rule 12(b)(6) motion must therefore accept all of the factual allegations in the complaint as true, *see Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999); *Warner v. Buck Creek Nursery, Inc.*, 149 F. Supp. 2d 246, 254-55 (W.D. Va. 2001), in addition to any provable facts consistent with those allegations, *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984), and must view these facts in the light most favorable to the plaintiff.  *Christopher v. Harbury*, 536 U.S. 403, 406 (2002). The Court may consider the complaint, its attachments, and documents "attached to the motion to dismiss, so long as they are integral to the complaint and authentic." *Sec'y of State for Defence v. Trimble Navigation Ltd.,* 484 F.3d 700, 705 (4th Cir. 2007).

To survive a motion to dismiss, a complaint must contain factual allegations sufficient to provide the defendant with "notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Rule 8(a)(2) requires the complaint to allege facts showing that the plaintiff's claim is plausible, and these "[f]actual allegations must be enough to raise a right to relief above the speculative level."  *Twombly*, 540 U.S. at 545; *see id.* at 555 n.3. The Court need not accept legal conclusions that are presented as factual allegations, *id.* at 555, or "unwarranted inferences, unreasonable conclusions, or arguments," *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000).

### III.   DISCUSSION

Defendants argue that Count One should be dismissed because Plaintiffs have not sufficiently stated a claim that Defendants failed to comply with FHA regulations, and even so, Plaintiffs have not alleged that they were harmed as a result of the alleged failure to comply with the regulations. Further, Defendants argue that a failure to comply with FHA regulations is an affirmative defense to foreclosure, but does not create a private cause of action. Defendants argue that Count Two should be dismissed because there is no independent cause of action for breach of an implied duty of good faith and fair dealing in Virginia, and even if Plaintiffs had pled this claim within the context of a breach of contract claim, the U.C.C. does not apply to a creation or transfer of an interest in or lien on real property. In addition, Defendants assert that they were merely exercising their rights under the Deed of Trust by foreclosing on the home, and thus, Plaintiffs cannot establish that Defendants breached an implied covenant of good faith and fair dealing. Defendants argue that Count Three should be dismissed because Plaintiffs' claim for declaratory judgment is based on hypothetical future action by Wells Fargo. Lastly, Defendants challenge Plaintiffs' action to quiet title because Plaintiffs do not claim that they have satisfied their debts under the Note and Deed of Trust. The Court discusses below the sufficiency of each of Plaintiffs' claims.

### A.  Count One: Breach of Note and Deed of Trust

Under Virginia law, a party alleging breach of contract must establish that the defendant owed the plaintiff a legally enforceable obligation, the defendant violated that obligation, and the plaintiff suffered injury or damage as a result of the defendant's breach. *See Filak v. George*, 594 S.E. 2d 610, 619 (Va. 2004). Further, "[a] material breach is a failure

to do something that is so fundamental to the contract that the failure to perform that obligation defeats an essential purpose of the contract." *Countryside Orthopaedics, P.C. v. Peyton*, 261 Va. 142, 154 (2001). "The essential purposes of a deed of trust are two-fold: to secure the lender-beneficiary's interest in the parcel it conveys and to protect the borrower from acceleration of the debt and foreclosure on the securing property prior to the fulfillment of the conditions precedent it imposes." *Mathews v. PHH Mortgage*, 283 Va. 723, 732 (Va. 2012).

Plaintiffs allege that Defendants breached the Deed of Trust by foreclosing on the house without complying with specific FHA regulations. Paragraph 9(d) of the Deed of Trust provides that "[i]n many circumstances regulations issued by the Secretary [of HUD] will limit Lender's rights, in the case of payment defaults, to require immediate payment in full and foreclose if not paid. This Security Instrument does not authorize acceleration or foreclosure if not permitted by regulations of the Secretary." (Am. Compl. Ex. A. 7.)

Firstly, Plaintiffs argue that Wells Fargo failed to comply with § 203.604, which provides:

> The mortgagee must have a face-to-face interview with the mortgagor, or make a reasonable effort to arrange such a meeting, before three full monthly installments due on the mortgage are unpaid. If default occurs in a repayment plan arranged other than during a personal interview, the mortgagee must have a face-to-face meeting with the mortgagor, or make a reasonable attempt to arrange such a meeting within 30 days after such default and at least 30 days before foreclosure is commenced, or at least 30 days before assignment is requested if the mortgage is insured on Hawaiian home land pursuant to section 247 or Indian land pursuant to section 248 or if assignment is requested under § 203.350(d) for mortgages authorized by section 203(q) of the National Housing Act.

§ 203.604(b). Plaintiffs assert that they "fell more than three months behind on the note while living in the home," (Am. Compl. ¶ 13), and that "no creditor entity had a face-to-face

meeting with the Bagleys or with either of them, or made any attempt to arrange for such face-to-face meeting." (Am. Compl. ¶ 14.) Accordingly, Plaintiffs assert that the foreclosure sale was void, or alternatively, voidable.

Defendants argue that Plaintiffs have not sufficiently stated a claim because Plaintiffs conflate the two situations in which § 203.604 requires a face-to-face meeting: (1) before three full monthly installments are unpaid; or (2) at least 30 days before commencement of foreclosure if default occurs in a repayment plan arranged other than during a personal interview. *See Mathews*, 283 Va. at 742-43(Kinser, J., concurring). Further, Defendants argue that Plaintiffs do not claim that they were ready, willing, and able to cure the default if they had had the meeting, and thus, Plaintiffs cannot establish that they were damaged by a failure to comply with § 203.604.

Plaintiffs have sufficiently alleged that Defendants violated the Deed of Trust by foreclosing on the home without complying with § 203.604. In Virginia, "a lender must comply with all conditions precedent to foreclosure in a deed of trust even if the borrowers are in arrears." *Mathews*, 283 Va. at 730; *see also Bayview Loan Servicing, LLC v. Simmons*, 275 Va. 114 (2008). Further, the Supreme Court of Virginia held in *Mathews v. PHH Mortgage*, a case in which the deed of trust also required compliance with FHA regulations, that "the face-to-face meeting requirement [of § 203.604(b)] is a condition precedent to the accrual of the rights of acceleration and foreclosure incorporated into the Deed of Trust." 283 Va. at 736-37. In this case, Plaintiffs clearly allege that they failed to pay their mortgage installments for more than three months, and that the Defendants violated § 203.604 because they never arranged a face-to-face meeting or attempted to do so. (*See* Am. Compl. ¶¶ 13-14.) Accordingly, by asserting that Defendants failed to comply with § 203.604,

Plaintiffs have sufficiently alleged that Defendants failed to satisfy a condition precedent to foreclosing on the home, and thus, have breached the Deed of Trust.[3]

Further, Plaintiffs have sufficiently pled that they were harmed by Defendants' alleged failure to comply with § 203.604. Although Plaintiffs have not alleged that they were ready, willing, and able to fully satisfy the debt if Defendants had arranged the face-to-face meeting required by § 203.604, Plaintiffs would have been able to communicate in person with Wells Fargo representatives about other ways that they could resolve their debt. Instead, Plaintiffs assert that they were unable to meet face-to-face with Wells Fargo representatives about their default and that Edward Bagley was rebuffed when he attempted to communicate with Wells Fargo about the debt. 12 U.S.C. § 1715, which authorizes HUD to implement § 203.604, requires lenders to engage "in loss mitigation actions *for the purpose of providing an alternative to foreclosure*" when a borrower is in default or facing imminent default. 12 U.S.C. § 1715 (emphasis added); *see Mathews*, 283 Va. 741 n.6. The face-to-face meeting creates an opportunity for homeowners in default to avoid foreclosure,[4] thus surely a plaintiff may be harmed if they are denied this opportunity, even if they are not able to pay the full debt at the time of the meeting. Therefore, Plaintiffs have sufficiently stated a claim that Defendants breached the Deed of Trust by failing to comply with § 203.604. The Motion to dismiss this claim is thus DENIED.

---

[3] Defendants also seek to dismiss Count One on the ground that a failure to comply with FHA regulations is an affirmative defense to foreclosure, but does not create a private cause of action. However, while the plaintiffs in *Mathews* sought a declaratory judgment that their foreclosure was void rather than compensatory damages, *Mathews* expressly held that "[b]orrowers may sue to enforce conditions precedent to foreclosure." 283 Va. at 733.

[4] Seemingly, there would be no reason to hold a face-to-face meeting to discuss the default if the borrowers were prepared to fully cure the debt at that point anyways. For this reason, HUD requires that the face-to-face meetings are conducted by "staff that is adequately trained to discuss the delinquency and the appropriate loss mitigation options." *Mathews*, 283 Va. at 740.

Secondly, Plaintiffs allege that Defendants violated § 203.501, which provides that:

> Mortgagees must consider the comparative effects of their elective servicing actions, and must take those appropriate actions which can reasonably be expected to generate the smallest financial loss to the Department. Such actions include, but are not limited to, deeds in lieu of foreclosure under § 203.357, pre-foreclosure sales under § 203.370, partial claims under § 203.414, assumptions under § 203.512, special forbearance under §§ 203.471 and 203.614, and recasting of mortgages under § 203.616. HUD may prescribe conditions and requirements for the appropriate use of these loss mitigation actions, concerning such matters as owner-occupancy, extent of previous defaults, prior use of loss mitigation, and evaluation of the mortgagor's income, credit and property.

§ 203.501. Plaintiffs claim that Defendants never considered a deed in lieu of foreclosure or "fairly considered any forbearance or recasting of the mortgage." (Am. Compl. ¶ 14.) Plaintiffs further assert that Edward Bagley was rebuffed by Wells Fargo when he tried to resolve the debt on the loan and that Wells Fargo refused to accept any payment less than the full amount needed to bring the loan current. At the time of the foreclosure sale, Plaintiffs allegedly had $15,000.00 that they were prepared to apply to the arrearage.

Plaintiffs have not sufficiently stated a claim for breach of the Deed of Trust by alleging that Defendants violated § 203.501. § 203.501 requires Defendants to consider the comparative effects of their elective servicing actions, and Plaintiffs have alleged no facts indicating that Defendants failed to do so. In addition, § 203.501 provides a non-exhaustive list of loss mitigation actions that the mortgagee may consider taking, and Defendants were not required to take any specific action on the list as long as they took any appropriate actions which could reasonably have been expected to most significantly reduce HUD's financial loss. The allegations that Wells Fargo "rebuffed" Edward Bagley or refused to accept payment for less than the amount needed to bring the loan current do not, without more, sufficiently state a claim that Defendants failed to comply with these provisions of §

203.501. Accordingly, Plaintiffs have failed to state a breach of contract claim for failure to comply with § 203.501, and the Court GRANTS the motion with respect to this claim.[5]

### B. Count Two: Breach of Implied Covenant of Good Faith and Fair Dealing

Plaintiffs argue that in violating FHA regulations as alleged in Count One, Defendants also violated an implied duty of good faith and fair dealing in the Note and Deed of Trust. Specifically, Plaintiffs contend that "foreclosing on the Bagleys' home after representatives of Wells Fargo refused to communicate with the Bagleys regarding loss mitigation alternatives and failed to comply with FHA regulations incorporated into the Bagleys' note and deed of trust constitutes a breach of the implied duty of good faith and fair dealing." (Pls.' Mem. Opp. Mot. Dismiss 11.) Plaintiffs further argue that Defendants used their discretion to foreclose the home in bad faith by filing an unlawful detainer action when the foreclosure was in violation of Defendants' contractual duties, and by falsely reporting to credit agencies that there had been a foreclosure when the foreclosure was void, or alternatively, voidable. Plaintiffs assert that "[b]ecause the note was a negotiable instrument under the UCC, and because Va. Code Ann. § 8.1A-304 imposed the duty of good faith and fair dealing on the holder of the note, the deed of trust also carried with it an implied duty of good faith and fair dealing as required by the statute." (Am. Compl. ¶ 43.)

Plaintiffs have not sufficiently stated a claim for breach of an implied covenant of good faith and fair dealing. "Under Virginia law, every contract contains an implied covenant of good faith and fair dealing; *however, a breach of those duties only gives rise to a*

---

[5] The Amended Complaint also cites § 203.605, which sets forth a duty to mitigate before four full monthly installments have become unpaid and requires the mortgagee to evaluate on a monthly basis the loss mitigation techniques provided in § 203.501 to determine if any are appropriate. However, Plaintiffs do not actually allege that Defendants violated this regulation. Therefore, to the extent that Plaintiffs seek to state a breach of contract claim for violation of § 203.605, they have failed to do so, and the Court DISMISSES this claim.

*breach of contract claim, not a separate cause of action.*" *Albayero v. Wells Fargo Bank, N.A.*, 3:11CV201-HEH, 2011 U.S. Dist. LEXIS 114974, at *15(E.D. Va. Oct. 5, 2011)(quoting *Frank Brunckhorst Co., L.L.C. v. Coastal Atlantic, Inc.*, 542 F.Supp.2d 452, 462 (E.D. Va. 2008))(emphasis added). *See Charles E. Brauer Co. v. NationsBank of Va., N.A.*, 466 S.E.2d 382, 385 (Va. 1996)("[T]he failure to act in good faith . . . does not amount to an independent tort.") Even if Plaintiffs *had* alleged a breach of contract claim stemming from a failure to act in good faith and fair dealing, Virginia law "does not recognize an implied covenant of good faith and fair dealing in contracts outside of those governed by the Uniform Commercial Code (U.C.C.), and the U.C.C. expressly excludes the transfer of realty from its provisions." *Harrison v. US Bank National*, 3:12CV224, 2012 U.S. Dist. LEXIS 85735, at *5-6 (E.D. Va. June 20, 2012) (quoting *Greenwood Assocs. Inc. v. Crestar Bank*, 448 S.E.2d 399 (1994)) (internal quotations omitted); *see* Va. Code Ann. § 8.9A-109(d)(11).[6] For the above reasons, the Court GRANTS Defendants' Motion to dismiss Count Two.

### C.  Count Three: Claim for Declaratory Judgment

Plaintiffs seek a declaratory judgment stating that Plaintiffs are not responsible for Wells Fargo's foreclosure-related costs and that these costs cannot be added to Plaintiffs' remaining obligations on the home. Plaintiffs maintain that their "rights are in doubt and in peril" and argue that "[t]he competing positions of Wells Fargo and the Bagleys as to who should bear the said foreclosure related expenses establish that a real and actual

---

[6] Although the Note is a negotiable instrument governed by the U.C.C., the Deed of Trust is a secured instrument which is *not* governed by the U.C.C. *See Gibson v. Wells Fargo Bank, N.A.*, 1:10-cv-304, 2011 U.S. Dist. LEXIS 5391, * 8 (E.D. Va. Jan. 19, 2011)("Virginia is a non-judicial foreclosure state in which the law of real property governs deeds of trust")(citing *Gen. Elec. Credit Corp. v. Lunsford* , 209 Va. 743,  747 (1969)("[T]he note may and does confer one right and the security another. The former is governed by the law [of the] merchant, and the latter by the law of real property . . . ").

controversy exists as to the respective rights of the parties to this matter." (Am. Compl. ¶ 52.) While Defendants argue that this claim is based on speculative future action by Wells Fargo to impose on Plaintiffs costs that have already been incurred, Plaintiffs insist that their claim for a declaratory judgment is sufficient because the matter relates to the ongoing controversy between the parties as to whether or not the foreclosure sale was valid, both in this court and in the appeal of the unlawful detainer action.

Plaintiffs have not sufficiently stated a claim for a declaratory judgment. The Declaratory Judgment Act authorizes a federal court to grant declaratory relief when "the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuances of a declaratory judgment." *Maryland Casualty Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 273 (1941). Declaratory relief "is designed to apply prospectively to prevent or mandate reasonably certain, future conduct." *Trull v. Smolka*, 3:08CV460-HEH, 2008 U.S. Dist. LEXIS 70233, at *24 (E.D. Va. Sept. 18, 2008); *see Horvath v. Bank of N.Y., N.A.*, No. 1:09-CV-1129, 2010 U.S. Dist. LEXIS 19965, at *1 (E.D. Va. Jan. 29, 2010)("Declaratory relief is reserved for forward looking actions and is appropriate if the relief sought will serve a useful purpose in clarifying and settling the legal relations in issue, and will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding")(internal citations omitted).

In this case, there is no reasonably certain future conduct to be prevented or mandated because the foreclosure sale has already occurred, and the issue of which party is responsible for the related costs will be addressed by the underlying contract claim resolving whether the foreclosure sale is void or valid. *See Estrella v. Wells Fargo Bank, N.A.*,

2:11cv414, 2011 U.S. Dist. LEXIS 148778, at *17-18 (E.D. Va. Dec. 28, 2011)(dismissing an identical claim for declaratory relief by plaintiff homeowners for failure to state a claim when the foreclosure sale had already occurred and plaintiffs sought a declaratory judgment that they were not responsible for the costs associated with the foreclosure sale). For these reasons, the Court GRANTS the Motion to dismiss Count Three.

### D.  Action to Quiet Title

Based on the conduct alleged in Counts One and Two, Plaintiffs argue that the foreclosure sale and trustee's deed are void or voidable, and thus seek an action to quiet title as a remedy, "either by an order striking the purported trustee's deed from the public land records or by an order appointing a constructive trustee with direction to convey record title to the home to [Plaintiffs], subject to the lien of the deed of trust." (Am. Compl. ¶ 37.) Plaintiffs assert that because of Defendants' alleged conduct, Plaintiffs' "right to title to the home is superior to any other entity, including Wells Fargo, provided however, that their right to title is subject to the lien of the deed of trust." (Am. Compl. ¶ 36.) Defendants argue that Plaintiffs have not sufficiently alleged that they have superior title since Plaintiffs do not claim that they have fully satisfied their obligations or that the debts have otherwise been canceled or forgiven. Defendants further assert that Plaintiffs' claim for an order quieting title essentially asks for a rescission of the foreclosure sale, and that such an action is improper because equitable relief is only appropriate where the plaintiff alleges that he has no adequate remedy at law. Defendants maintain that Plaintiffs have an adequate remedy at law in this case, namely, their action for damages.

Plaintiffs have failed to sufficiently state a claim for an action to quiet title. In Virginia, "[a]n action for quiet title is based on the premise that a person with good title to

certain real or personal property should not be subjected to various future claims against the title." *Maine v. Adams*, 277 Va. 230, 238 (Va. 2009). In order to assert a claim for quiet title, the plaintiff must plead that he has fully satisfied all legal obligations to the party in interest. *See Tapia v. U.S. Bank*, 718 F. Supp. 2d 689, 700 (E.D. Va. 2010), *aff'd* 441 F. App'x 166 (4th Cir. 2011); s*ee also Matanic v. Wells Fargo Bank, N.A.*, 3:12CV472, 2012 U.S. Dist. LEXIS 134154, * 21-22 (E.D. Va. Sept. 19, 2012)(denying plaintiff's claim for quiet title because plaintiff admitted owing money on the note and deed of trust). In this case, Plaintiffs do not plead that they have satisfied their obligations under the Note and Deed of Trust and they admit that they owe money on the Note and Deed of Trust.  (*See* Am. Compl. ¶ 50.)  Accordingly, Plaintiffs' claim for quiet title fails. Further, because Plaintiffs have not sufficiently stated a claim for an action quieting title, the Court need not address whether or not rescission of the foreclosure sale would be an appropriate means of quieting title.

## IV.     CONCLUSION

For the above reasons, the Court GRANTS IN PART and DENIES IN PART the Motion to Dismiss the Amended Complaint. The Court DENIES the Motion to Dismiss Plaintiffs' breach of contract claim in Count One for a failure to comply with § 203.604, but GRANTS the Motion with respect to Plaintiffs' claims concerning § 203.501 and §203.605, and DISMISSES the latter two claims. The Court GRANTS the Motion to dismiss Counts Two and Three and DISMISSES these claims against Defendants.

Let the Clerk send a copy of this Memorandum Opinion to all counsel of record.

An appropriate order shall issue.

_____/s/_____
James R. Spencer
United States District Judge

ENTERED this _29th_____ day of January 2013.